**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3358-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FARAD ANDREWS, a/k/a
FRAD ANDREWS, JABAD
PARKER, RODDY WILLIAMS,
NEHEMIAH N. HENDERSON,
NEHEMIAH A. HENDERSON,
DOMINICK C. PLUMMER,
NAHEMIAH HENDERON,
and FARD T. ANDREWS,

     Defendant-Appellant.

_____

Submitted May 31, 2022 – Decided August 10, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-09-2348.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Farad Andrews appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, he presents the following arguments:

POINT I

THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF HIS PLEA COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING[.]

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY NEGLECTING TO CHALLENGE COUNT ONE OF THE INDICTMENT, BY FAILING TO OBJECT TO THE JURY INSTRUCTIONS AND SENTENCE, AND BY FAILING TO PROPERLY ADVISE DEFENDANT THAT HE WAS SUBJECT TO PUNISHMENT FOR FIRST[-]DEGREE ARMED ROBBERY.

2

## POINT II

DEFENDANT'S POST-CONVICTION RELIEF CLAIMS ARE NOT PROCEDURALLY BARRED[.]

Having reviewed the record considering the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the PCR judge in his oral decision.

The procedural history and trial evidence are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. Andrews, No. A-0436-16 (App. Div. Aug. 1, 2018), and in the PCR judge's oral decision issued May 20, 2021. A brief summary of the relevant facts and proceedings will suffice here.

Kesha Congleton, an Essex County Sheriff's Officer, and her live-in partner, Kaliffe Conover, had just finished exercising in an Essex County park around 1:00 a.m. when two men, one of them with a mask covering his face pointing a .22 caliber handgun, demanded their possessions. The unmasked assailant then stated, "I know her, she's good"; the other armed assailant lowered his mask for five seconds to reveal his face, and they both left without taking any of Congleton's and Conover's possessions. Moments later, Congleton and Conover flagged down a police patrol car to report the robbery attempt and gave the officers a description of the assailants. Shortly

3

thereafter, Congleton and Conover spotted two men who they suspected were the assailants, alerted the police by calling 911 and followed the men. Police vehicles responded, and the two suspects were apprehended.

In an ensuing show-up identification, Congleton stated she was ninety percent sure that one of the men, later identified as defendant, was the assailant who lowered his mask and held the gun, but that the other man was not involved in the robbery. The police also showed her a black revolver that she stated was the gun held by defendant. In a separate show-up identification, Conover confirmed Congleton's identifications. Their trial testimony was consistent with their show-up identification statements.

Defendant was charged with first-degree attempted robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-1; second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d). He was found guilty of all but the fourth-degree charge.

On direct appeal, defendant's two contentions were found unpersuasive. First, he claimed the jury instruction for the charge of attempted robbery was deficient because attempted robbery is a second-degree offense under N.J.S.A.

2C:5-4(a), but the instruction permitted the jury to convict defendant of first-degree armed robbery. Andrews, slip op. at 4. Although we agreed that the initial instruction provided to the jury was incorrect because an offense of first-degree attempted robbery did not exist, we held the trial court cured the error when it properly reinstructed the jury regarding first-degree robbery. Id. at 6.

Second, defendant challenged the trial court's admission of testimony concerning the show-up identifications by Congleton and Conover. Id. at 7. We concluded that considering the discretion afforded to the court's credibility assessments, there was no reason to upset its ruling that the identifications were reliable and thus admissible. Id. at 14.

Seven months after our Supreme Court denied defendant's petition for certification, State v. Andrews, 237 N.J. 189 (2019), defendant filed a pro se PCR petition. PCR counsel was subsequently appointed to represent defendant.

After hearing the parties' arguments, the PCR judge issued an oral decision denying defendant's petition without an evidentiary hearing and memorialized his ruling in a confirming order. Applying the well-recognized two-prong test to establish ineffectiveness assistance of counsel, Strickland v.

A-3358-20

Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987), the judge found defendant failed to establish a prima facie case for ineffective assistance of counsel "or otherwise establish any legal basis for post-conviction relief." In addition to finding that some of defendant's eleven claims were factually without merit, the judge also determined that some were procedurally barred under Rules 3:22-4 and -5 because they were raised or could have been raised on direct appeal.

In this appeal, defendant maintains his trial counsel provided ineffective assistance when he failed to: (1) challenge the indictment charging attempted first-degree armed robbery; (2) advise him that he could be sentenced for a first-degree offense; and (3) request a limiting instruction minimizing the negative impact of testimony regarding defendant's hand tattoos. We address these contentions in turn.

Challenge to Charge of Attempted First-Degree Armed Robbery

Defendant fails to establish under Strickland's second prong how he was prejudiced by counsel's failure to challenge the jury charge of the non-existent offense of first-degree armed robbery. We determined on defendant's direct appeal that any purported error in the charge was not clearly capable of producing an unjust result at trial because the court

reinstructed the jury on the elements of robbery by stating "[N.J.S.A. 2C:15-1] . . . provides that an attempted robbery is a crime of the second-degree except that it is a crime of first-degree if the actor is armed with, or uses, or threatens the immediate use of a deadly weapon."

[Andrews, slip op. at 7.]

The indictment cited the correct statute, N.J.S.A. 2C:15-1, which does not state that an actual robbery must take place. Both the indictment and jury charge of first-degree robbery were supported by the victims' trial testimony. Hence, the PCR judge was correct in finding that this court had addressed the substance of this contention in defendant's direct appeal, thereby making the claim procedurally barred under Rule 3:22-5.

Exposure to a First-Degree Sentence

The record demonstrates defendant was informed through the pretrial memorandum he signed stating his sentencing exposure to a first-degree offense, which the trial court reviewed with him during the pretrial hearing. Thus, there is no merit to defendant's assertion that had he been aware he might be sentenced as a first-degree offender, he would have testified at trial. Moreover, defendant makes no showing of prejudice that had he testified at trial, or that there was a reasonable probability he would not have been convicted or would have received a lighter sentence. Defendant's contention is

A-3358-20

nothing more than a bald assertion which does not establish ineffective assistance of counsel because he fails to explain in an affidavit what testimony he would have provided that would have affected the jury's verdict to his favor. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Limiting Instruction Regarding Defendant's Hand Tattoos

Defendant argues that his tattoos reflect gang affiliation or could be reasonably interpreted as such, thereby making him appear prone to criminality. Testimony concerning the tattoos on defendant's hand was elicited during defense counsel's cross-examination of the victims to establish that defendant was not one of the assailants. The victims did not indicate that the assailant who pointed the gun had tattoos on his hand, therefore counsel stressed the armed assailant could not have been the tattooed defendant. The PCR judge properly held this was a strategic decision and thus not ineffective assistance of counsel. See State v. Reddick, 76 N.J. Super. 347, 352 (App. Div. 1962) ("[A] defendant is bound by his own counsel's trial tactics and strategy provided that defendant's right to a fair trial is not impugned."). Defendant does not present any argument overcoming the presumption that counsel made a reasonable tactical decision not to request an instruction

concerning gang affiliation because such an instruction may have suggested to the jury that defendant was a gang member and placed him in a negative light.

Moreover, defendant does not point to any trial evidence that his tattoos reflected gang affiliation or could have been reasonably interpreted as such, and thus making the jury believe that he was prone to criminality. Counsel was therefore not ineffective in failing to request a limiting instruction to eliminate or minimize any prejudicial evidence where such evidence was not presented to the jury.

Because defendant failed to set forth a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent we have not discussed any other arguments raised by defendants lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9